UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CITY OF ALAMOGORDO,

    Plaintiff,

v.                                              Civ. No. 16-195 GJF

CHRISTOPER and LOURDES FICHERA,
husband and wife, GREGORIO and BONITA
ROSALES, husband and wife, ROQUE ROSALES,
ANDRES P. ROSALES, and MIGUEL ROSALES,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Defendant Miguel Rosales' Motion to Proceed in Forma Pauperis, [ECF No. 2], filed March 14, 2016 ("Application"), and on his Amended Notice of Removal, [ECF No. 4], filed March 16, 2016. For the reasons stated below, the Court will **GRANT** Defendant Miguel Rosales's Application. Defendant Miguel Rosales shall, within 21 days of entry of this Order, show cause why the Court should not remand this case to State District Court for the Twelfth Judicial District. Failure to timely show cause may result in remand of this case to State District Court.

**Application to Proceed** *in Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of

>   [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Defendant Miguel Rosales's Motion to Proceed in Forma Pauperis. Defendant Miguel Rosales affirms that "he is indigent, on Food Stamps, and cannot afford to file" the Notice of Removal. Def. M. Rosales's Mot. 1, ECF No. 2. Defendant Miguel Rosales also states that he is unemployed and that his total monthly income is $194.00 in food stamps, plus "an occasional penny, or dollar change, from begging, or handouts." *Id.* at 2. The Court finds that Defendant Miguel Rosales is unable to pay the filing fee because of his low monthly income and because he is unemployed.

**Order to Show Cause**

The City of Alamogordo filed an action in State District Court for the Twelfth Judicial District to foreclose liens on a real property for unpaid charges for water and sewer services. *See* Am. Notice of Removal 6, ECF No. 4. Alamogordo alleges that Defendant Miguel Rosales is one

2

of the title owners of the real property.

Defendant Miguel Rosales removed the state court action to this Court stating "removal to federal court is proper under 28 U.S.C. § 1446 [Procedure for removal of civil actions], et al., because the action seeks 'the collection of revenue', the action seeks nonmonetary relief, the action involves a § 1332 action [diversity jurisdiction], and the action involves damages over $5,000,000.00, and thus, this Court had [sic] original jurisdiction under § 1331 [federal question jurisdiction]." Am. Notice of Removal 3, ECF No. 4.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a).

> Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "To determine whether [a] claim arises under federal law, [courts] examine the 'well[-]pleaded' allegations of the complaint and ignore potential defenses. . . ." Under the "well-leaded complaint" rule, "a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." "By omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court."

*Devon Energy Production Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (internal citations omitted). "[T]hat the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011). In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000. Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

3

It appears that this case should be remanded to state court for lack of federal question or diversity jurisdiction. Nothing in the "Special Alternative Procedure for the Foreclosure of Municipal Liens by Action in rem" filed in state court shows that the state court action is based on federal law. *See* Am. Notice of Removal 6–8. Nor does it appear that there is complete diversity of citizenship because Plaintiff is the City of Alamogordo, New Mexico, and Defendant Miguel Rosales resides within the City of Alamogordo.

Because federal courts are courts of limited jurisdiction, they presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). As the party removing this case to federal court, Defendant Miguel Rosales bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* Defendant Miguel Rosales shall, within 21 days of entry of this Order, show cause why the Court should not remand this case to State District Court for the Twelfth Judicial District for lack of jurisdiction. Failure to timely show cause may result in remand of this case to state court.

**IT IS ORDERED** that Defendant Miguel Rosales' Motion to Proceed in Forma Pauperis, [ECF No. 2], filed March 14, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Defendant Miguel Rosales shall, within 21 days of entry of this Order, show cause why the Court should not remand this case to State District Court for the Twelfth Judicial District.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE